**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**JOHN W. HARRIS,**

    **Plaintiff,**

**VS.**                                                          **Case No. 4:16cv171-MW/CAS**

**GEICO,
KATIE ROSS,
DEREK CLYDE ADAMS' ESTATE,**

    **Defendants,**
_____/

## ORDER and REPORT AND RECOMMENDATION

Plaintiff John W. Harris, proceeding pro se, submitted a civil rights complaint, ECF No. 1, and a motion seeking leave to proceed in forma pauperis, ECF No. 2.  Because Mr. Harris' motion was submitted on the consent form for use by prisoners and Mr. Harris is not a prisoner, ruling was deferred and Mr. Harris was required to file an amended in forma pauperis motion on the correct form.  ECF No. 4.

Mr. Harris' second in forma pauperis motion has now been reviewed. ECF No. 5.  The supporting financial affidavit demonstrates Mr. Harris lacks funds with which to pay the filing fee.  Thus, good cause having been

shown, the in forma pauperis motion, ECF No. 2, as supplemented by the second motion, ECF No. 5, is granted. The Clerk of Court shall file the complaint without requiring payment of the Court's filing fee.

Additionally, the prior Order directed Mr. Harris to consider whether or not this case was appropriately filed in this Court. ECF No. 4. The complaint reveals that Mr. Harris resides in Hilliard, Florida, as does one of the named Defendants: Darek Clyde Adams Estate. *see* ECF No. 1 at 2. Mr. Harris did not provide an address for the other two Defendants. Thus, it was unknown whether venue for this case is appropriate in this Court because a Defendant is located within this judicial district. ECF No. 4.

Mr. Harris has responded to that Order and confirms that the Adams Estate is located in Hilliard, Florida. ECF No. 5 at 6. He also provided an address for the other two Defendants, Geico and Katie Ross (a Geico claims representative), indicating both are located in "Macom, Georgia," with a 31208 zip code. *Id.* Judicial notice is taken that the zip code provided is in Macon, Georgia, which is in Bibb County, Georgia. Bibb County is within the Middle District of Georgia. 28 U.S.C. § 90(b)(2). Hilliard, Florida, is not within the territorial jurisdiction of this Court either. Hilliard is within the Middle District of Florida. Thus, it is clear that this case

Case No. 4:16cv171-MW/CAS

was filed in the wrong district and venue is not appropriate here. The venue statute provides that a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). None of the Defendants reside within the Northern District of Florida.

The alternate venue provision provides that a civil action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ." 28 U.S.C. § 1391(b)(2). Venue is not appropriate in this Court under that provision either. At issue in this case is an automobile accident which Mr. Harris states occurred on the Saint Mary's River Bridge. ECF No. 1 at 6-7. Judicial notice is taken that the bridge connects Yulee, Florida, with St. Marys, Georgia. Yulee is within the territorial jurisdiction of the Middle District of Florida, Jacksonville Division. St. Marys, Georgia is in Camden County, within the Southern District of Georgia. 28 U.S.C. § 90(c)(5). It is unknown whether the accident took place on the Georgia side of the Bridge or the Florida side. Yet it is clear that venue is not appropriate in this Court as none of the Defendants reside within this District and none of the events occurred here. Venue appears to be appropriate in the Middle District of Florida because

Case No. 4:16cv171-MW/CAS

at least two Defendants reside there and the accident could potentially have taken place in Florida.  The proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(b) is in the United States District Court for the Middle District of Florida, Jacksonville Division.

When a case is filed in the wrong division or district, the venue statute provides that the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  A court may raise the issue of defective venue sua sponte, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Kapordelis v. Danzig, 387 F. App'x 905, 906 (11th Cir. 2010); Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988); Berry v. Salter, 179 F. Supp. 2d 1345, 1350 (M.D. Ala. 2001).  Justice would be better served to transfer this case to an appropriate forum rather than dismiss it.   There is no need for a hearing prior to directing transfer. Should Mr. Harris object to this recommendation, he must file objections as explained below in the Notice.

## ORDER

Case No. 4:16cv171-MW/CAS

Accordingly, it is **ORDERED** that the motion for in forma pauperis status, ECF No. 2, as supplemented by ECF No. 5, is **GRANTED**.

## RECOMMENDATION

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1406(a), it is respectfully **RECOMMENDED** that this case be transferred to the United States District Court for the Middle District of Florida, Jacksonville Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on May 17, 2016.

    s/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**