UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOHN W. HARRIS,

   Plaintiff,

vs.              Case No. 3:18-cv-1300-J-34MCR

GEICO, KATIE ROSS, and
DEREK CLYDE ADAMS' ESTATE,

   Defendants.
_____/

# O R D E R

  **THIS CAUSE** is before the Court sua sponte. On March 17, 2016, Plaintiff John W. Harris initiated this action in the Tallahassee Division of the Northern District of Florida by filing a Civil Rights Complaint Form (Doc. 1; Complaint) against Defendants GEICO, Katie Ross, and Darek Clyde Adams' Estate. On June 14, 2016, the United States District Court for the Northern District of Florida entered an Order (Doc. 8; Transfer Order) transferring the case to this Court, the United States District Court for the Middle District of Florida. Regrettably, due to clerical error, the Clerk's Office did not open a case in this Court when it received the Transfer Order, such that Harris' Complaint was lost in administrative limbo for the last two and a half years. Recently, the error was discovered, and the matter was opened and assigned to the undersigned. Accordingly, despite the delay, the Court will now review the Complaint for subject matter jurisdiction as it does with every newly assigned case.

  Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d

1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).

In the Complaint, Harris alleges that on November 28, 2015, he was a passenger in a vehicle driven by decedent Darek Clyde Adams. According to Harris, due to Adams' erratic driving, the vehicle crashed, causing the deaths of Adams and a fellow passenger, and seriously injuring Harris. Harris now seeks $250,000 for the damages he sustained in the accident, including his medical expenses. Although unclear, Harris appears to bring a claim "for cruel and unusual punishment and due process to be free of endangerment." Id. at 6, 7. Although unclear, he also claims that his injuries "arrived out of gross negligence and [his] 8th right to be free of endangerment and physical harm . . . ." Id. at 7. Based on the foregoing, as best the Court can decipher, Harris' theory of the case appears to be that Adams violated his constitutional rights by causing the tragic car accident, and as such, Harris seeks to hold Adams' Estate as well as his insurance company (Defendants GEICO and Katie Ross of the GEICO claims department) liable.

Although not specifically alleged, the sole basis for subject matter jurisdiction discernible from the Complaint is federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, Harris appears to assert a civil rights claim pursuant to 42 U.S.C. § 1983 for

the violation of his constitutional rights.  See Complaint at 1, 6, 7.  However, "[i]n order to prevail on a civil rights action under § 1983, [Harris] must show that a person acting under color of state law deprived [him] of a federal right."  See King v. Epstein, 167 F. App'x 121, 122 (11th Cir. 2006) (emphasis added) (citing Griffin v. City of Opa-Locka, 261 F.3d 1295, 1303 (11th Cir. 2001)).  Indeed, "[t]he Fourteenth Amendment does not prohibit 'private conduct, however discriminatory or wrongful,' unless the private individual has become so allied with the state as to be a state actor."  Id. at 122.  As the Eleventh Circuit Court of Appeals explained in King, to establish state action, Harris must allege:

> "both an alleged constitutional deprivation caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible, and that the party charged with a deprivation must be a person who may fairly be said to be a state actor."

King, 167 F. App'x at 122 (quoting Patrick v. Floyd Med. Ctr., 201 F.3d 1313, 1315 (11th Cir. 2000)).  Significantly, "[s]tate action is a jurisdictional prerequisite," such that without it, the Court must dismiss Harris' § 1983 claim.  Id.

Here, Harris alleges that Adams deprived him of his constitutional rights by causing the car accident that resulted in Harris' trauma and injury.  Notably, Harris alleges that the accident occurred when Harris, Adams and another passenger were on their way to Winn-Dixie "to get some chicken."  Id. at 6.  The Complaint is utterly devoid of any facts which could connect this accident to state action or render Adams a state actor.  Thus, it appears Harris seeks to apply the Eighth and Fourteenth Amendments to a private individual acting in a private capacity, and as such, Harris' purported § 1983 claim is "wholly insubstantial" and thus, insufficient to convey federal question jurisdiction over this Complaint.  See King, 167 F. App'x at 122-23 ("'[A] federal court may dismiss a federal question claim for lack of

3

subject matter jurisdiction only if: (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous.'" (quoting Blue Cross & Blue Shield of Ala. V. Sanders, 138 F.3d 1347, 1352 (11th Cir. 1998))).

Alternatively, to the extent Harris alleges a claim for negligence, he may be able to invoke the Court's diversity jurisdiction. See 28 U.S.C. § 1332. "Diversity jurisdiction exists where the suit is between citizens of different states and the amount in controversy exceeds the statutorily prescribed amount, in this case $75,000." Williams v. Best Buy Co., Inc., 269 F.3d 1316, 1319 (11th Cir. 2001) (citing 28 U.S.C. § 1332(a)). Significantly, for a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. Here, although Harris alleges that his damages exceed $75,000, he fails to allege the citizenship of any of the parties. As such, the Court is unable to determine whether complete diversity exists.

Specifically, to establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. See Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted). Thus, while the Complaint appears to indicate that Harris resides in Hilliard, Florida, the Court is nonetheless unable to discern whether Harris is also a citizen of Florida. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person." (emphasis

supplied)); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'[d]omicile' is not necessarily synonymous with 'residence'"). Moreover, the Complaint provides no information as to the citizenship of Defendant Katie Ross.[1]

In addition, as to Defendant Darek Clyde Adams' Estate, "[w]here an estate is a party, the citizenship that counts for diversity purposes is that of the decedent, and [he] is deemed to be a citizen of the state in which [he] was domiciled at the time of [his] death." King v. Cessna Aircraft Co., 505 F.3d 1160, 1170 (11th Cir. 2007). Because Harris fails to allege Adams' state of citizenship prior to his death, the Court is unable to determine the citizenship of the Defendant Estate. Finally, a corporation "'shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business.'" Hertz Corp. v. Friend, 559 U.S. 77, 81 (2010) (quoting 28 U.S.C. § 1332(c)(1)) (emphasis omitted). Harris fails to allege GEICO's state(s) of incorporation or its principal place of business, such that the Court cannot discern GEICO's citizenship. Absent the above information, the Court is unable to determine whether it has diversity jurisdiction over this action.

In light of the foregoing, the Court will provide Harris with the opportunity to file an amended complaint which specifically identifies the cause or causes of action at issue in this lawsuit and an adequate basis for this Court's subject matter jurisdiction over the action. Accordingly, it is

---

[1] The Court notes that the citizenship that matters for purposes of determining diversity jurisdiction is the citizenship of the parties at the time the lawsuit was filed. See Harris v. Garner, 216 F.3d 970, 983 (11th Cir. 2000). Thus, to the extent the citizenship of any party has changed in the last two years, that change is irrelevant. Id.

**ORDERED**:

Plaintiff John W. Harris shall have up to and including **December 6, 2018,** to file an amended complaint alleging sufficient information to establish this Court's subject matter jurisdiction over this action.

**DONE AND ORDERED** in Jacksonville, Florida, this 6th day of November, 2018.

MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties